UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| ALPHA THIRTEEN, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>PROGRESSIVE ADVANCED INSURANCE COMPANY, GOVERNMENT EMPLOYEES INSURANCE COMPANY, DOE DEFENDANTS 1-10,<br><br>Defendants. | CIV. NO. 25-00478 LEK-KJM |

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

On March 5, 2026, Defendant Progressive Advanced Insurance Company ("Progressive") filed its Motion to Dismiss Plaintiff's First Amended Complaint ("Progressive Motion"), and Defendant Government Employees Insurance Company ("GEICO") filed its Motion to Dismiss Plaintiff's First Amended Complaint Filed January 29, 2026 [Dkt 19] ("GEICO Motion" and collectively "Motions"). [Dkt. nos. 36, 37.] Plaintiff Alpha Thirteen, LLC ("Plaintiff") filed a memorandum in opposition addressing both of the Motions on March 19, 2026. [Dkt. no. 42.] On April 2, 2026, Progressive and GEICO filed their respective replies ("Progressive Reply" and "GEICO Reply"). [Dkt. nos. 48, 49.] Plaintiff filed a supplemental memorandum ("Plaintiff's Supplement") on June 17, 2026. [Dkt. no. 56.] On June 24, 2026,

GEICO and Progressive filed their respective supplemental memoranda ("GEICO Supplement" and "Progressive Supplement"). [Dkt. nos. 61, 62.] The Motions came on for hearing on August 18, 2026. For the reasons set forth below, the Motions are granted, and Plaintiff's First Amended Complaint ("Amended Complaint"), [filed 1/29/26 (dkt. no. 19),] is dismissed without prejudice. Plaintiff will be permitted to file a second amended complaint by **September 30, 2026**.

## BACKGROUND

According to the Amended Complaint, MDX Hawaii, Inc. ("MDX") is "a Hawaii-based Independent Practice Association ('IPA') that manages care for Medicare Advantage enrollees."[1] [Amended Complaint at ¶ 6 (emphasis omitted).] MDX made payments for the healthcare services that C.S., a Medicare beneficiary, received in Hawai`i for injuries that C.S. suffered in a March 2022 car accident. [Id. at ¶¶ 3, 44-45.]

[1] Medicare Advantage is the commonly used name for Medicare Part C. It provides the same coverage as Medicare Parts A and B, but the plan is administered by a private insurer, the Medicare Advantage Organization ("MAO"). [Amended Complaint at ¶ 34.] MAOs commonly "contract with smaller organizations, often called 'downstream' entities, which administer Medicare Part C plans directly to seniors." [Id. at ¶ 35 (citing MSP Recovery Claims, Series LLC v. ACE Am. Ins. Co., 974 F.3d 1305, 1308 (11th Cir. 2020); Escarcega v. Verdugo Vista Operating Co., LP, 2020 WL 1703181, at *6 (C.D. Cal. Apr. 8, 2020)).] Many of the downstream entities are IPAs, which are made up of healthcare providers. [Id.]

Humana Inc. ("Humana") is C.S.'s MAO, [id. at ¶ 3,] and Humana and MDX entered into a Health Services Agreement on May 7, 2014. [Id. at ¶ 52.] The Health Services Agreement requires MDX to process and pay claims for Medicare-covered services for Humana Medicare Advantage enrollees, including C.S. [Id. at ¶¶ 42, 56.] In return for performing its responsibilities under the agreement, MDX receives capitation payments from Humana. [Id. at ¶ 36.] MDX made payments for C.S.'s accident-related medical treatment pursuant to its agreement with Humana. See id. at ¶ 6. Plaintiff alleges MDX's payments totaled at least $62,346.90. [Id. at ¶ 44.]

C.S. settled a personal injury protection claim against Progressive, which was her insurer, and she settled a bodily injury claim against GEICO, which was the insurer of the other driver who was involved in the car accident. [Id. at ¶¶ 4, 46, 48.] Both policies covered C.S.'s medical expenses incurred in the accident. [Id. at ¶ 46.] Each settlement was for the respective policy limit. [Id. at ¶ 48.]

However, neither Progressive nor GEICO reimbursed MDX for the conditional payments that MDX had made. [Id. at ¶¶ 4, 48.] Plaintiff asserts that, in the instant case, it stands in MDX's shoes because MDX assigned its claims under the Medicare Secondary Payer ("MSP") Act against Progressive and GEICO (collectively "Defendants") to Plaintiff. Id. at ¶¶ 5-6; see

also id., Exh. 1 (redacted version of Assignment of Claims, dated 5/11/25, between MDX and Plaintiff ("Assignment")). According to Plaintiff, C.S. is the only Medicare Advantage enrollee whose claims are covered by the Assignment, but Plaintiff acknowledges that the Assignment includes more of C.S.'s claims than just the claims that arose from the March 2022 car accident. See Amended Complaint at ¶ 57.

Progressive argues the Amended Complaint should be dismissed: for lack of personal jurisdiction because Plaintiff's jurisdictional allegations are unsupported; for lack of subject matter jurisdiction because Plaintiff failed to sufficiently allege standing; and for failure to state a claim because Plaintiff failed to adequately allege that either Progressive failed to make payments required under the MSP Act or the payments made by MDX were conditional. [Progressive Motion at 2-3.] In addition to arguments similar to Progressive's, GEICO argues that the Title 42 United States Code Section 1395y(b)(2) reimbursement obligation only applies to traditional Medicare plans and does not apply to Medicare Advantage plans. See GEICO Motion at 1-2.

## DISCUSSION

This Court turns first to Defendants' subject matter jurisdiction argument.

> Federal Rule of Civil Procedure 12(b)(1) authorizes a defendant to move for dismissal of an action for "lack of subject-matter jurisdiction[.]" "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." Robinson v. United States, 586 F.3d 683, 685 (9th Cir. 2009) (citation and quotation marks omitted). . . .
>
> . . . .
>
> "A Rule 12(b)(1) jurisdictional attack may be facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted). "A 'facial' attack accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." Leite v. Crane, 749 F.3d 1117, 1121 (9th Cir. 2014) (citation and some internal quotation marks omitted). "A 'factual' attack . . . contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." Id. (citations omitted).

Pub. Int. Legal Found., Inc. v. Nago, CIV. NO. 23-00389 LEK-WRP, 2024 WL 3233994, at *2-3 (D. Hawai`i June 28, 2024) (some alterations in Pub. Int.). Progressive and GEICO have stated that their standing arguments are facial attacks on subject matter jurisdiction. See Progressive Suppl. at 7; GEICO Suppl. at 5.

This Court "resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6)." See Leite, 749 F.3d at 1121 (citation omitted). Thus, in ruling on Defendants' standing arguments, this Court's consideration

> is limited to factual allegations in the complaint and exhibits attached to the complaint.

> Courthouse News Serv. v. Planet, 750 F.3d 776, 780 n.4 (9th Cir. 2014) (citation omitted); Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). Such allegations are taken by the court as true and construed in the light most favorable to the nonmoving party. Courthouse News Serv., 750 F.3d at 780 & n.4.

See Grindling v. Hawai`i, Civ. No. 18-00495 JMS-RT, 2019 WL 6255472, at *2 (D. Hawai`i Nov. 22, 2019). In deciding whether the Amended Complaint should be dismissed based on lack of subject matter jurisdiction, this Court will only consider the factual allegations of the Amended Complaint and the exhibit attached to the Amended Complaint.

> Article III of the United States Constitution limits the jurisdiction of the federal courts to "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1; see Murthy v. Missouri, 603 U.S. 43, 56, 144 S. Ct. 1972, 219 L. Ed. 2d 604 (2024). The "case or controversy" requirement is fundamental to the judiciary's role in our system of government. Raines v. Byrd, 521 U.S. 811, 818, 117 S. Ct. 2312, 138 L. Ed. 2d 849 (1997). Article III standing serves to prevent the judicial process from being used to usurp the powers of the political branches. Clapper v. Amnesty Int'l, 568 U.S. 398, 408, 133 S. Ct. 1138, 185 L. Ed. 2d 264 (2013).
>
> The federal court's "role is neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted to the judiciary." Thomas v. Anchorage Equal Rights Comm'n, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc). The party seeking to invoke the federal court's jurisdiction bears the burden of demonstrating standing pursuant to Article III of the Constitution. Spokeo, Inc. v. Robins, 578 U.S. 330, 338, 136 S. Ct. 1540, 194 L. Ed. 2d 635

> (2016) ("Spokeo I") (citing FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231, 110 S. Ct. 596, 107 L. Ed. 2d 603 (1990)).

United States v. Hawai`i, 830 F. Supp. 3d 1028, 1037 (D. Hawai`i 2026).

> The plaintiff must "clearly" allege facts demonstrating each element of Article III standing. Spokeo I, 578 U.S. at 338, 136 S. Ct. 1540. Conclusory and vague allegations are insufficient to plead standing. Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888, 110 S. Ct. 3177, 111 L. Ed. 2d 695 (1990) ("Lujan I") (disregarding conclusory allegations of standing in supporting affidavit); Carrico v. City & Cnty. of San Fran., 656 F.3d 1002, 1006 (9th Cir. 2011) (finding conclusory allegations are insufficient to establish standing).
>
> . . . .
>
> The existence of standing turns on the facts as they existed at the time the plaintiff filed the complaint. Skaff v. Meridien N. Am. Beverly Hills, LLC, 506 F.3d 832, 838 (9th Cir. 2007).
>
> In order to establish standing, the plaintiff must show that it has suffered, or will suffer an injury-in-fact:
>
> (1) that is concrete, particularized, and actual or imminent;
>
> (2) that was likely caused by the defendant; and
>
> (3) that would likely be redressed by judicial relief.
>
> Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) ("Lujan II").

Id. at 1038.

In the instant case, the issue is whether Plaintiff, as MDX's assignee, has the right to litigate an injury that was likely caused by Defendants. Defendants argue that Plaintiff has failed to clearly allege facts demonstrating standing because Plaintiff has not established a valid assignment from Humana to MDX, nor a valid assignment from MDX to Plaintiff. See Progressive Motion, Mem. in Supp. at 19-22; GEICO Motion, Mem. in Supp. at 17-21.

This Court agrees that Plaintiff has failed to plead clear allegations that, if proven, would establish a valid assignment of Humana's rights and obligations under the MSP Act. See Amended Complaint at ¶¶ 42, 52-55. The allegations regarding the nature of the alleged assignment from Humana to MDX are vague and conclusory, and therefore insufficient to plead Plaintiff's standing as MDX's assignee. See Lujan I, 497 U.S. at 888. Because Plaintiff failed to plead clear allegations establishing its standing, the Amended Complaint is dismissed for lack of subject matter jurisdiction.

A dismissal for lack of subject matter jurisdiction must be without prejudice, but leave to amend can be denied. See Ellawendy v. Driscoll, No. 25-5661, 2026 WL 2255444, at *1 (9th Cir. Aug. 5, 2026) (citing Hampton v. Pac. Inv. Mgmt. Co. LLC, 869 F.3d 844, 846 (9th Cir. 2017) ("Dismissals for lack of subject-matter jurisdiction . . . must be without prejudice,

because a lack of jurisdiction deprives the dismissing court of any power to adjudicate the merits of the case.”); Missouri ex rel. Koster v. Harris, 847 F.3d 646, 656 (9th Cir. 2017) (affirming lack of subject matter jurisdiction and denial of leave to amend but remanding for dismissal without prejudice)). The additional materials that Plaintiff submitted in connection with the Motions demonstrate that Plaintiff has the ability to plead additional factual allegations in support of its standing. The Amended Complaint is therefore dismissed without prejudice, and Plaintiff will be permitted to file a second amended complaint by **September 30, 2026**. Cf. United States v. Hawai`i, 830 F. Supp. 3d at 1038 (“It is within the trial court’s power to require the plaintiff to supply, by amendment to the complaint . . . , further particularized allegations of fact to support a plaintiff’s basis for standing.” (citing Warth v. Seldin, 422 U.S. 490, 501-02, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975))).

This Court concludes that it is not necessary to reach the remaining arguments in the Motions, including, but not limited to, the existence of personal jurisdiction, and whether the Amended Complaint sufficiently pleads a valid assignment from MDX to Plaintiff. The instant Order does not prevent Defendants from raising issues that were not addressed herein in a motion to dismiss addressing the second amended complaint.

However, Defendants should consider whether each issue is more appropriate in a motion to dismiss or in motion for summary judgment.

## CONCLUSION

For the foregoing reasons, Progressive's Motion to Dismiss Plaintiff's First Amended Complaint, and GEICO's Motion to Dismiss Plaintiff's First Amended Complaint Filed January 29, 2026 [Dkt 19], both filed March 5, 2026, are GRANTED. Plaintiff's First Amended Complaint, filed January 29, 2026, is DISMISSED WITHOUT PREJUDICE, and Plaintiff will be permitted to file a second amended complaint by **September 30, 2026.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 9, 2026.

/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**ALPHA THIRTEEN, LLC VS. PROGRESSIVE ADVANCED INSURANCE COMPANY, ET AL; CV 25-00478 LEK-KJM; ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**